**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-26-15-RAW |
| | ) | |
| CALVIN RAY WESTFIELD, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

<u>**ORDER**</u>

Before the court is the objection of the defendant (#46) to the Report and Recommendation (#40) of the United States Magistrate Judge. The government has  responded to the objection (#47).  The Magistrate Judge recommended that the defendant's motion to suppress be denied. The recommendation will be adopted.

Under Rule 59(b)(1) F.R.Cr.P., the district court may refer suppression motions to a Magistrate Judge for a recommended disposition. In considering an objection, the district court must conduct de novo review and "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."  Rule 59(b)(3).  The undersigned has reviewed the record.

*See Gee v. Estes,* 829 F.2d 1005, 1008-09 (10th Cir.1987); *Griego v. Padilla,* 64 F.3d 580, 584 (10th Cir.1995).

The factual background is set forth in the Report and Recommendation, and the parties' briefing.  The dispatcher at the Hugo Police Department received a call from the manager of a storage unit facility.  The manager stated that Calvin Westfield (whom she identified by name) had a gun at the facility and that the manager believed he was a convicted felon.[1]  She stated that at one point defendant appeared to walk toward the facility office while carrying the gun, but had then turned around and gone back toward his storage unit.  Hugo police officers arrived and defendant was ultimately arrested.  Inside the storage unit, police found a rifle, a handgun, and (within the weapons themselves) ammunition.  Defendant is charged in this court with violation of 18 U.S.C. §922(g)(1).

Defendant's motion (#28) noted that counsel had not yet had the opportunity to cross-examine witnesses but argued based on information available that the officers only learned defendant's identity and status as a felon because they arrested him in the absence of probable cause.  He

---

[1]The dispatcher did not relay to any officer the manager's belief that defendant was a convicted felon.

argued in the alternative that the officers only learned defendant's identity and status as a felon because they stopped him for an investigatory detention in the absence of reasonable suspicion.  In response (#35), the government argued that the officers had probable cause for an arrest.  It argued in turn that the seizure of the firearms and ammunition was proper under the "plain view" doctrine.

In the evidentiary hearing itself, Officer Jenkins testified that (upon hearing defendant's name) Jenkins knew defendant was a convicted felon based upon previous contact.  (*See* #43 at 41-42).  Jenkins testified he believed he told his partner that defendant was a felon.  (*Id.* at 42 ll.22-23).[2]  This testimony rendered difficult defense counsel's original argument regarding the collective knowledge doctrine, and the argument in the objection in this regard shifts primarily to credibility.

The Report and Recommendation concluded that the officers initially lacked probable cause for an arrest, but that they did have reasonable

---

[2]Defendant's motion also addressed the "collective knowledge doctrine."  Under the "horizontal knowledge doctrine," a number of individual officers have pieces of the probable cause or reasonable suspicion puzzle, but no single officer has sufficient information to justify a search or stop. *See United States v. Latorre,* 893 F.3d 744, 753 (10th Cir.2018).  Under the "vertical collective knowledge doctrine," an arrest or stop is justified when an officer having probable cause or reasonable suspicion instructs another officer to act, even without communicating all of the information necessary to justify the action. *Id.*  The Magistrate Judge found that Officer Jenkins' knowledge implicated and satisfied the doctrine in its "vertical" aspect. (*See* #40 at 11).

suspicion.[3]  "The Fourth Amendment protects citizens from unreasonable searches and seizures.  But police officers may, under *Terry v. Ohio,* 392 U.S. 1 (1968), perform investigatory stops and frisk persons they reasonably suspect have committed a crime." *United States v. Sherwood,* 2025 WL 752342, *1 (10th Cir.2025).  To be "reasonable" a police officer's investigatory stop must be "justified at its inception," and the "officer's actions must be reasonably related in scope to the circumstances which justified the interference in the first place." *United States v. Daniels,* 101 F.4th 770, 776 (10th Cir.2024).  The undersigned finds that the analysis of the Magistrate Judge is correct and independently finds there are not sufficient grounds to find the witnesses lack credibility such as would warrant a de novo evidentiary hearing. Officer Jenkins testified he did not write a report of the incident because he "forgot" to do so.  (#43 at 58-59).  This is unfortunate, but the record does not reflect evidence calling into question Officer Jenkins' claim of knowledge. Also, the asserted inconsistencies between Officer Jenkins' testimony and Officer Spalding's testimony seem relatively minor here.

---

[3]The government has not filed its own objection regarding the existence or nonexistence of probable cause.

Defendant again asserts that there was not reasonable suspicion for a *Terry* stop.  The undersigned finds the Magistrate Judge's analysis is correct.  Alternatively, the fact that defendant walked toward the storage facility officer holding a firearm and it was perceived as a threat by the storage facility manager arguably gave rise to reasonable suspicion of disturbing the peace.  *(See* #43 at 31-32; #40 at 15-16)

Finally, defendant argues that he had a reasonable expectation of privacy in his storage unit and the officers' actions of entering the storage unit without a warrant violated defendant's Fourth Amendment rights. Once more, the undersigned subscribes to the thorough analysis of the Magistrate Judge that the firearms were in plain view and lawfully seized.

It is the order of the court that the objection of the defendant (#46) to the Report and Recommendation is overruled.  The Report and Recommendation (as supplemented herein) is affirmed and adopted as the order of the court.  The motion of the defendant to suppress (#28) is hereby denied.

**ORDERED THIS 29th DAY OF MAY, 2026.**

_____

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**